Javier Tenorio PLATA; et al.,
Plaintiffs—Appellants,

and

Philip H. Stillman, Appellant,

v.

DARBUN ENTERPRISES, INC.; et
al., Defendants—Appellees.

Javier Tenorio Plata; et al.,
Plaintiffs—Appellees,

v.

Darbun Enterprises, Inc., Defendant—
Appellant,

and

Oem Solutions, LLC; et
al., Defendants.

Nos. 10–56367, 10–56437.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2012.*

Filed Feb. 15, 2012.

Philip H. Stillman, Esquire, Stillman &
Associates, Miami Beach, FL, for Plaintiff–
Appellant.

Rochelle J. Bioteau, Bruce Sherman,
Squires Sherman & Bioteau, LLP, San
Diego, CA, for Defendant–Appellee.

Before: PREGERSON, HAWKINS, and
BEA, Circuit Judges.

MEMORANDUM **

Plaintiffs appeal the grant of sanctions
under 28 U.S.C. § 1927 and the amount
awarded. Darbun cross-appeals the
amount of sanctions awarded. The district
court did not abuse its discretion by impos-
ing sanctions. *United States v. Hinkson,*
585 F.3d 1247, 1251 (9th Cir.2009) (en
banc). The district court applied the cor-
rect legal standard for § 1927 sanctions.
*See B.K.B. v. Maui Police Dept.,* 276 F.3d
1091, 1107 (9th Cir.2002); *New Alaska
Dev. Corp. v. Guetschow,* 869 F.2d 1298,
1306 (9th Cir.1989); *Barnd v. City of Ta-
coma,* 664 F.2d 1339, 1343 (9th Cir.1982).
Further, the district court did not abuse
its discretion in finding that plaintiffs'
counsel was reckless because that finding
was not illogical, implausible, or without
support in inferences that may be drawn
from facts in the record. *Hinkson,* 585
F.3d at 1262. Similarly, the district court
did not abuse its discretion finding the
amount of sanctions either by awarding too
much or too little. *Id.*

AFFIRMED.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.